No. 09-8048

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

---

**Marilyn Joyce Wallace,**

Plaintiff-Appellant

**v.**

**UNITED STATES OF AMERICA,**

Defendant-Appellee

---

ON APPEAL FROM THE U.S. DISTRICT COURT FOR THE DISTRICT OF WYOMING – HONORABLE JUDGE CLARENCE A. BRIMMER

---

**SUPPLEMENTAL BRIEF FOR THE APPELLANT**

---

Marilyn Joyce Wallace
22 Longhorn Drive
Buffalo, WY 82834
(307) 684-5769

# TABLE OF CONTENTS

Page

I. APPELLANT PRESERVED HER ARGUMENTS THAT THE LEVY BEING EXCESSIVE ........................................1

II. APPELLANT PRESERVED HER ARGUMENTS ON THE CONTINUING HARM DOCTRINE........................................5

III. ACCRUAL DATES ........................................ 6

Certificate of Service ........................................11

# TABLE OF AUTHORITIES

## Case Laws

*Adams v. American Guarantee and Liability Ins. Co.*, 233 F.3d 1242 (C.A.10 (Colo.), 2000). ........6
*Claitor v. U.S.*, 1999 WL 675337 (N.D.Cal., 1999)........ 7
*Donaldson v. O'Connor*, 493 F.2d 507 (5th Cir. 1974)........8
*Fletcher v. Union Pac. R.R., supra note 23, 621 F.2d at 908*........ 8
*Gottlieb v. I.R.S.*, 4 Fed.Appx. 355, C.A.9 (Cal.), 2001 ........5, 6
*Harper v. Union Savings Ass'n,* 429 F.Supp. 1254 (N.D.Ohio 1977)........8
*Jones v. TransOhio Savings Association,* 747 F.2d 1037 (6th Cir.1984)........6
Lathon v. Parish of Jefferson, 358 F.Supp. 558 (E.D.La.1973)........8
*Nesovic v. United States,* 71 F.3d 776 (9th Cir.1995). ........5, 6
*Page v. United States*, 729 F.2d 818 (D.C. Cir. 1984) ........7-9
Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1513 (10th Cir.1990)........10
*Simmons v. American Mutual,* 433 F.Supp. 747 (S.D.Ala.1976)........8
*Stuebig v. Hammel*, 446 F.Supp. 31 (M.D.Pa.1977)........8
*Underwater Storage, Inc. v. United States Rubber Co.*, 125 U.S.App.D.C. 297, 371 F.2d 950 (1966)........8
United States v. Hess, 194 F.3d 1164, 1176-77 & n. 12 (10th Cir.1999)........9
*Urie v. Thompson*, 337 U.S. 163 (1949)........8
*Wilson v. Johns-Manville Sales Corp.*, 221 U.S.App.D.C. 337 (1982)........8

# GLOSSARY OF ABBREVIATIONS

IRS: Internal Revenue Service

# APPELLANT'S SUPPLEMENTAL BRIEF

The U.S. Court of Appeals issued an Order dated December 14, 2009 asking of the parties to submit supplemental briefs to address possible accrual dates and any related matters that could assist in resolving the statute of limitations issues.

Appellant files this supplemental brief in compliance with the Court's order. Appellant's supplemental brief will only discuss the issues raised in the Court's Order of December 14. As of the date of writing this brief, Appellant had not yet received a supplemental brief from Appellee to answer any issues raised by Appellee on the subject.

## I. APPELLANT PRESERVED HER ARGUMENTS ON THE LEVY BEING EXCESSIVE

Appellant did preserve her argument before the U.S. District Court that the IRS levy on her pension was excessive than what was listed on the Notice of Levy.

In Appellant's original **Complaint,** Appellant wrote that the IRS alleged a tax debt of about $10,000 but illegally levied $60,418.97.

In "**Plaintiff's Motion for Maximum Damages,**" Appellant wrote that "The levy on her pension recouped all the tax debt quickly. But the tax service kept the levy on her pension. Eventually, the tax collectors took from her $53,895.78."

In "**Plaintiff's Response to Defendant's Motion to Dismiss and Transfer Venue,**" Appellant wrote that the IRS had confiscated $53,895.78 – which is far more

than what is allegedly owed and stated on the Notice of Levy. There was no notice to levy the $47,322.78 which was levied in addition to the $6,573.00 listed in the Notice.

In "**Plaintiff's Amended Complaint**," Appellant wrote that on May 14, 2001, the IRS issued a Notice of Levy for the years of 1985-1994 in the amount of $6,573.00. The Levy continued until June 2006, and a total of $53,895.78 was illegally removed from her pension. In addition, $3,449.10 was levied from Plaintiff's social security checks.

Appellant also added: The "Notice of Levy" was issued for $6,573.00. Can Defendant present copies of other notices of levy pursuant to which tens of thousands of dollars of Plaintiff's money were levied?

Memorandum in Opposition to Summary Judgment

In her Memorandum in Opposition to Summary Judgment, **Finding of Facts,** Appellant said that IRS refunds made to Appellant are another proof that the IRS levy was excessive – therefore, unauthorized and violates IRC 7433. Appellant also said that: Defendant did not challenge the statute of limitations at the beginning of the lawsuit and did not appeal the U.S. District Court for the District of Columbia's decision that the lawsuit was timely.

In the Memorandum's **Addendum**, Appellant said that she negotiated her pension checks under protest -- meaning to protest the illegal, excessive levy. The

**Addendum** also stated the following:

> Plaintiff's administrative claims implied (by stating only approximate amounts) **an excessive levy of $43,315.78**. This amount is the difference between what the IRS had collected ($53,895.78) minus where Plaintiff in her administrative claims considered the levy should have ended (at $10,580).
> Plaintiff's Exhibits A-4 and A-5 refer to a levy from Plaintiff's social security checks in the total amount of $3,449.10. (Exhibit A-19)
> Plaintiff received two refund checks, dated March 16, 2007, from the U.S. Treasury for a total amount of $10,954.18.
> Based on Plaintiff's administrative claims, Plaintiff seeks about $35,810.70 ($43,315.78 plus $3,449.10 minus $10,954.18), plus interest, court costs, attorney fees, and other relief the court deems appropriate.
>
> These calculation were approximate.

In the Memorandum, Appellant stated that the illegal levy continued despite Appellant's attempts to contest it in various courts. Appellant also said that any amount which exceeds liability is not, and never was, an amount of tax.

During the oral arguments on the hearing for summary judgment, U.S. District Court requested from both parties to file evidentiary materials. In "**Plaintiff's Evidentiary Materials,**" Appellant outlined facts related to the IRS levy and Notices of Levy. Here is a summary of those arguments:

**Facts Related to IRS Levy**

> On September 25, 2001 the IRS began levying Plaintiff's Michigan State Teacher's Pension in the amount of $945.54 per month. This levy continued until May/June 2006.
> Plaintiff's alleged "tax" debt was **$10,580:**

- $6,573.00 (IRS Notice of Levy, Exhibit A-26), plus
- $4,007 (for years 1994 – 2003, based on Plaintiff's returns)

The IRS levied **$60,418.97** as follows:

- $53,895.78 from Plaintiff's pension (Exhibits A-22 and A-23). This amount is not contested (Page 2, Paragraph 4, line 4, of Defendant's Memorandum in Support of its Summary Judgment).
- $3,449.10 from Plaintiff's social security benefits. (Exhibit A-19)
- $3,074.09 from Plaintiff's husband social security check. (Exhibits A-42 and A-44)

**Facts Related to IRS Notices of Levy**

During discovery, Plaintiff asked for all notices of levy. In Plaintiff's Second Set of Interrogatories:

INTERROGATORY NO. 10: Did the IRS issue a Notice of Levy before levying any amount beyond the $6,573.00 listed in the Notice of Levy of 5/14/2001? If yes, please attach copies of these notices.

Defendant's Response: Yes. The United States attaches one other Notice of Levy in response to this request. The United States does not have other responsive Notices of Levy within its possession custody or control.

The other Notice of Levy provided by Defendant is for $4,984.24 (listed in Exhibit A-6, page 3). By adding this amount to the Notice of 5/14/2001 (Exhibit A-26), the sum total would be $11,557.24.

The IRS collected from the pension alone $53,895.78. In other words, the IRS collected $42,338.54 without any notices of levy and without following any of the procedures required.

Also, In the Opposition to Summary Judgment Evidentiary Materials, Appellant enumerated the levy process and said that the procedure should have been followed on these occasions:

- in the collection of $11,557.24 – The total sum of $6,573.00 (Exhibit A-26) and $4,984.24 (Exhibit A-16, page 1);
- in the collection of $42,338.54 (the difference of what was collected from Plaintiff's pension $53,895.78 (Exhibits A-22 and A-23) and

$11,557.24 listed in (a) );

- The levy of $3,449.10 from Plaintiff's social security checks; and
- The levy of $3,074.09 from Plaintiff's husband's social security benefits.

Plaintiff is not in possession of any document which verifies that the IRS has properly followed the levy process in each one of the four instances. As a matter of fact, the IRS collected $42,338.54 without following a single step of the levy process.

It is very clear that Appellant adequately preserved her argument that the levy was excessive. Despite Appellant's repeated references to the issue in all of her pleadings, Appellee acted in bad faith and totally ignored the fact that the IRS levied more than what was listed on the Notices of Levy.

## II. APPELLANT PRESERVED HER ARGUMENTS ON THE CONTINUING HARM DOCTRINE

Appellee never raised the issue of Statute of Limitation in the District of Columbia Court -- but only before the U.S. District Court in Wyoming.

In her Memorandum in Opposition to Summary Judgment, Appellant proved that her action was timely and cited case law to support her arguments. Appellant argued that the accrual period begun (1) when the levy ended, (2) or when Appellant submitted the administrative claims to the IRS, and (3) was extended under the "continuing wrong" doctrine due to "repeated collection efforts after the time of the levy."

Appellant cited *Gottlieb* and *Nesovic:*

In *Gottlieb*, the Court said: ". . . Gottlieb's claim accrued, at the latest, on

November 7, 1995, the date on which the IRS responded unfavorably to his request for administrative relief." *Gottlieb v. I.R.S.*, 4 Fed.Appx. 355, C.A.9 (Cal.), 2001. The Court added: To toll the limitations period under the "continuing wrong" doctrine, Gottlieb must establish that the IRS engaged in repeated collection efforts, occurring after November 7, 1995. *See Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir.1995).

Appellant argued that each collection attempt is a new violation that tolls the statute of limitations.

Appellant also discussed equitable tolling doctrine. There is no clear precedent disallowing equitable tolling in § 7433 actions . The Supreme Court held that equitable tolling should be permitted in appropriate cases so as to avoid unjust results. *See Jones v. TransOhio Savings Association,* 747 F.2d 1037, 1039 (6th Cir.1984)

## III. ACCRUAL DATE

This Honorable Court's Order of December 14, 20009, outlines four possible accrual dates, one of which is the date the levy ended in May 2006. In taking the evidence in the light most favorable to Plaintiff, in taking the evidence in the light most favorable to the non-moving party in a motion for summary judgment, Appellant believes that the May 2006 is the accrual date -- which makes Appellant's complaint timely since it was filed in October 2007.

On appeal from summary judgment, Court of Appeals views factual record and draws any reasonable inferences therefrom in light most favorable to nonmoving party. *Adams v. American Guarantee and Liability Ins. Co.*, 233 F.3d 1242 (C.A.10

(Colo.), 2000).

IRS Agent Bentley's action in ending the levy on May 25, 2006 was an implicit IRS admission that the levy was already in excess of at least $1.00 and for at least one day. There is no evidence that Plaintiff knew that the levy on her pension was going to exceed the amounts set fourth on the Notices of Levy.

The evidence is in favor of Appellant on essential elements of the claim.

The other possible alternative accrual dates (March 2002 and September 2002) are not applicable. The IRS failed to release the levy until many months after the amount listed on the notices of levy was collected. If the statute of limitations was held to have run in March or September 2002, nothing prevented the IRS from wrongfully maintaining the levy in place after that period. Since "one should not be allowed to acquire a right to continue [ ] tortious conduct" by operation of a statute of limitations, the statute of limitations cannot be said to have run.[1]

The U.S. District Court for the District of Columbia properly ruled that "to consider the attachment of the levy as the date of accrual would allow the defendant to continue illegal conduct indefinitely. *See Claitor*, 1999 WL 675337, at *4 (citing *Page v. United States*, 729 F.2d 818, 821 (D.C. Cir. 1984) (explaining that when a tort involves continuous injury, **the cause of action accrues when the tortious**

---

[1] *Claitor v. U.S.*, 1999 WL 675337 (N.D.Cal., 1999)

**conduct ceases**, and to hold otherwise would be to allow the tortfeasor to acquire a right to continue its conduct by virtue of the statute of limitations).

Other court opinions are as follows:

> Where an injury is caused by continuing or repeated acts, the statute of limitations may not begin to run even when the tort is complete. Stuebig v. Hammel, 446 F.Supp. 31, 35 (M.D.Pa.1977); Lathon v. Parish of Jefferson, 358 F.Supp. 558, 559 (E.D.La.1973); 4 Restatement of Torts 2d s 899c. The statute of limitations may be tolled until the tortious conduct ceases, on the theory that one should not be allowed to acquire a right to continue the tortious conduct. Donaldson v. O'Connor, 493 F.2d 507, 529 (5th Cir. 1974), vacated on other grounds, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396, on remand, 519 F.2d 59 (1975); Harper v. Union Savings Ass'n, 429 F.Supp. 1254, 1260 (N.D.Ohio 1977). An employee's right of action against his employer for personal injuries may be tolled until the last day the employee was subjected to the conditions causing the injury. Simmons v. American Mutual Liability Ins. Co., 433 F.Supp. 747, 751 (S.D.Ala.1976), aff'd without opinion, 560 F.2d 1022 (5 Cir. 1977).

> "One should not be allowed to acquire a right to continue the tortious conduct," it follows logically that statutes of limitation should not run prior to its cessation. *Fletcher v. Union Pac. R.R., supra* note 23, 621 F.2d at 908; *cf. Underwater Storage, Inc. v. United States Rubber Co.*, 125 U.S.App.D.C. 297, 302, 371 F.2d 950, 955 (1966), *cert. denied,* 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967) (claim for initial misappropriation of trade secret time-barred but, to prevent wrongdoers from " 'baptiz[ing]' their wrongful actions," recovery allowed for use during statutory period).

> This continuing-tort doctrine, which becomes relevant only when the tortious conduct is ongoing, is to be distinguished from the rule applicable when the plaintiff's injury continues or is manifested after the tortious conduct has ceased. See, *e.g., Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949); *Wilson v. Johns-Manville Sales Corp.*, 221 U.S.App.D.C. 337, 684 F.2d 111 (1982).

> Since usually no single incident in continuous chain of tortious activity can fairly or realistically be identified as cause of significant harm, **it is proper**

> **to regard cumulative effect of conduct as actionable and statute of limitations should not run until conduct ceases.** *Page v. U.S.*, 729 F.2d 818, (C.A.D.C., 1984).

In this case, the IRS levy did not cease until May 2006, and the limitation period would have to run as of May 2006.

The claim continues to accrue as long as tortious conduct continues, although the plaintiff's recovery is limited by the statute of limitations to the two-year period dating back from when the plaintiff's complaint was filed. *United States v. Hess*, 194 F.3d 1164, 1176-77 & n. 12 (10th Cir.1999);

However, Appellant believes that she is entitled for damages not only for the two years prior to filing her lawsuit, but for damages since September 2001.

Firstly, Appellee acted in violation of Internal Revenue Code provisions in levying more than what was listed on the notices of levy.

Secondly, Appellee acted in bad faith and abused its power. Appellee has dragged Appellant, an elderly, for over two years in litigation instead of seeing the evidence which was available from the beginning and resolving the issue sooner.

Thirdly, the IRS ignored to resolve this matter despite many years of correspondence and has forced Appellant to litigate.

Fourthly, Appellee forfeited the issue. Appellant does not recall that Appellee presented arguments as to why the May 2006 date should not be considered as the accrual date. As far as Appellant can recall, Appellee never rebutted that the IRS

levied more than what was listed on the Notices of Levy. "We need not sift through the record to find [evidence to support a party's argument], nor manufacture a party's argument for [it]." Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1513 (10th Cir.1990)

As a result, Appellant believes that she is entitled to all the money taken from her by the IRS between September 2001 and May 2006 at an approximate amount of $945.54 per month. Appellant is also entitled to punitive damages due to Appellee's abuses and disregard of the facts.

WHEREFORE Appellant requests that this Honorable Court do reverse the District Court's order in granting United States' summary judgment; and do grant the relief and damages requested by Appellant, along with fees, costs, and other relief the Court deems appropriate.

Respectfully submitted,

Marilyn Joyce Wallace /TDC

Marilyn Joyce Wallace

January 13, 2010

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Jan. 13, 2010, I sent a copy of this brief by United States mail or courier to

Randolph L. Hunter, Esq.
Appellate Section
Tax Division
U.S. Department of Justice
P.O. Box 502
Washington, DC 20044

Jan. 13, 2010
Date

Marilyn Joyce Wallace, pro c
Signature

Form 668-A(c) (Rev. January 2001)

# Notice of Levy

SEQNUM 00005

ORS

MAY 14 2001

Exhibit A-26

DATE: 05/14/2001

REPLY TO:
AUTOMATED COLLECTION SYSTEM
P.O. BOX 9949
OGDEN, UT 84409

TELEPHONE NUMBER OF IRS OFFICE:
TOLL FREE 1-800-829-7650
WI

DPC05

NAME AND ADDRESS OF TAXPAYER:
MARILYN J WALLACE
PO BOX 733
BUFFALO WY 82834-0733336

TO: P

MICHIGAN PUBLIC SCHOOL EMPLOYEES
RETIREMENT SYSTEM
PO BOX 30171
LANSING MI 48909

IDENTIFYING NUMBER(S): 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

WALL E 04

THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 12-31-1985 | $ 515.00 | $ 159.49 | $ 674.49 |
| CIVPEN | 12-31-1986 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1987 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1988 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1989 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1990 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1991 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1992 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1993 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1994 | $ 500.00 | $ 155.39 | $ 655.39 |
| | | | Total Amount Due | $ 6,573.01 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.

We figured the interest and late payment penalty to 06/12/2001.

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

**Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.**

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

To respond to this levy:

1. Make your check or money order payable to United States Treasury.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (not on a detachable stub).
3. Complete the back of Part 2 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 3 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 2, and mail that part back to us in the enclosed envelope.

Signature of Service Representative: Randy K Harper

Title: Chief, Collection Branch

668-A(c) (Rev.01-2001) 167

Part 2 - COMPLETE AND RETURN TO INTERNAL REVENUE SERVICE




Appellate Case: 09-8048 Document: 01018349743 Date Filed: 01/15/2010 Page: 16

Exhibit A-6

STATE OF MICHIGAN

JENNIFER M. GRANHOLM
GOVERNOR

DEPARTMENT OF MANAGEMENT & BUDGET
LANSING

LISA WEBB SHARPE
DIRECTOR

January 12, 2006

MARILYN JOYCE WALLACE
P O BOX 733
BUFFALO WYOMING 82834

XXX-XX-3904

Dear Ms. Wallace:

Your December 28, 2005 letter concerning your pension benefit has been received.

Enclosed find a copy of two separate levies received from the Internal Revenue Service (IRS). Please have the IRS send to me at the address below or fax to me at Area Code 517-322-6988 a "Release of Levy" and the withholding from your pension benefit can be discontinued.

If you have questions contact me at the address below.

Sincerely,

Richard Pennington
Retirement Analyst

RCP/rcp

GENERAL OFFICE BUILDING • P.O. BOX 30171 • LANSING, MICHIGAN 48909-7671
www.michigan.gov/ors • (800) 381-5111 • (517) 322-1116 (FAX)
Printed by members of:

COPY

Form 668-W(c)

# Notice of Levy on Wages, Salary, and Other Income

DATE:

TELEPHONE NUMBER OF IRS OFFICE: TOLL FREE 1-800-829-7650

IRS ADDRESS:
FRESNO INTERNAL REVENUE SERVICE-ACS
P.O. BOX 24017
FRESNO, CA 93779-4017

NAME AND ADDRESS OF TAXPAYER:
MARILYN J WALLACE
PO BOX 783
BUFFALO WY 82834-0783

TO:

MICHIGAN PUBLIC SCHOOL EE RETIREMNT
TAX GARNISHMENTS
PO BOX 30171
LANSING MI 48909

IDENTIFYING NUMBER(S): 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
WALL O 03

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-1996 | $ 6,274.61 | $ 707.65 | $ 6,984.24 |
| | | | Total Amount Due ▶ | $ 6,984.24 |

We figured the interest and late payment penalty to 05/22/2002

THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid yet, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy these monies to the extent they aren't exempt, as shown on the instructions. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

If you don't owe money to this taxpayer, please complete the back of part 3. Attach part 3 as a cover to the rest of this form. Return all of the parts to IRS in the enclosed envelope.

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

Signature of Service Representative [illegible signature]

Title Operations Manager, Collection

Form [illegible] (Rev. 1-01)

Part 1 - FOR EMPLOYER OR OTHER ADDRESSEE

COPY

Form 668-A(c) (Rev. January 2001)

Department of the Treasury – Internal Revenue Service

# Notice of Levy

DATE: [illegible]

REPLY TO:
AUTOMATED COLLECTION SYSTEM
P.O. BOX 9949
OGDEN, UT 84409

ORS

MAY 1 4 2001

TELEPHONE NUMBER OF IRS OFFICE: PROMUM 00005
TOLL FREE 1-800-829-7650
MI

NAME AND ADDRESS OF TAXPAYER:
MARILYN J WALLACE
PO BOX 785
BUFFALO WY 82834-0785

TO:

MICHIGAN PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM
PO BOX 30171
LANSING MI 48909

IDENTIFYING NUMBER(S): 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
WALL E 04

THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 12-31-1985 | $ 515.00 | $ 159.49 | $ 674.49 |
| CIVPEN | 12-31-1986 | $ 500.00 | $ 156.39 | $ 656.39 |
| CIVPEN | 12-31-1987 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1988 | $ 500.00 | $ 158.39 | $ 658.39 |
| CIVPEN | 12-31-1989 | $ 500.00 | $ 188.39 | $ 688.39 |
| CIVPEN | 12-31-1990 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1991 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1992 | $ 500.00 | $ 158.39 | $ 658.39 |
| CIVPEN | 12-31-1993 | $ 500.00 | $ 155.39 | $ 655.39 |
| CIVPEN | 12-31-1994 | $ 500.00 | $ 155.39 | $ 655.39 |

THIS LEVY WON'T ATTACH FUNDS IN [illegible] PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. →

Total Amount Due $ 6,075.00

We figured the interest and late payment penalty to 04/12/2001

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must be held for 21 calendar days from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

To respond to this levy:

1. Make your check or money order payable to United States Treasury.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (not on a detachable stub).
3. Complete the back of Part 2 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 3 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 2, and mail that part back to us in the enclosed envelope.

Signature of Service Representative: Randy K Harper | Title: Chief, Collection Branch

Part 1 - FOR ADDRESSEE

FORM 668-A(c) (Rev.01-2001) 15746V

Form 668 (Z)
(Rev. 10-2000)

1867

Department of the Treasury - Internal Revenue Service

# Certificate of Release of Federal Tax Lien

Area:
WAGE & INVESTMENT AREA #4
Lien Unit Phone: (800) 913-6050

Serial Number
148836803

For Use by Recording Office

I certify that the following-named taxpayer, under the requirements of section 6325 of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released. The proper officer in the office where the notice of internal revenue tax lien was filed on December 22, 2003, is authorized to note the books to show the release of this lien for these taxes and additions.

002473

Name of Taxpayer MARILYN J WALLACE

Residence PO BOX 733
BUFFALO, WY 82834-0733

COURT RECORDING INFORMATION:

| Liber | Page | UCC No. | Serial No. |
|---|---|---|---|
| n/a | n/a | n/a | 21792 |

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | 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 | 02/17/2003 | 03/19/2013 | 16529.46 |
| 1040 | 12/31/1995 | 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 | 02/17/2003 | 03/19/2013 | 5650.44 |
| 1040 | 12/31/1996 | 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 | 03/24/2003 | 04/23/2013 | 4847.47 |
| 1040 | 12/31/1999 | 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 | 03/24/2003 | 04/23/2013 | 5590.46 |
| 1040 | 12/31/2000 | 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 | 03/24/2003 | 04/23/2013 | 4773.19 |
| **** | ************ | *************** | ************ | *********** | *********** |

**Place of Filing**

COUNTY CLERK
JOHNSON
BUFFALO, WY 82834

Total 37391.02

This notice was prepared and signed at DENVER, CO, on this,

the 04th day of May, 2007.

Signature R. A. Mitchell

Title Director, Campus Compliance Operations

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Certificate of Release of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409

Part 2 - Taxpayer's Copy

Form 668 (Z) (Rev. 10-2000)
CAT. NO 600261